UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA HOGAN, et al., | No. 2:24-cv-00179-DC-SCR |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST TO FILE REDACTED DOCUMENTS |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | |
| Defendants. | (Doc. No. 24) |

On September 10, 2025, Defendant Volkswagen Group of America, Inc., filed a notice of its request to file under seal unredacted versions of (1) the Vehicle Master Information for the vehicle at issue in this matter, and (2) the Salesforce communication log detailing pre-litigation communication between Plaintiff and Defendant relating to the dispute. (Doc. No. 24.) Defendant seeks to file both documents as exhibits in support of its pending motion for summary judgment (Doc. No. 25), which Defendant filed on September 12, 2025.[1] (*Id.*) Plaintiffs have not submitted an opposition to this request. For the reasons explained below, the court will grant Defendant's

---

[1] Both redacted documents were filed on the public docket without court order contrary to Local Rule 140(b). Specifically, the redacted Vehicle Master Information is attached as Exhibit 1A to the declaration of Chris Lewis filed in support of Defendant's motion for summary judgment. (Doc. No. 25-4.) The redacted Salesforce communication log is attached as Exhibit 2C to the declaration of Martha Weir filed in support of Defendant's motion for summary judgment. (Doc. No. 25-11.)

1

request to file under seal the unredacted Vehicle Master Information and will deny without prejudice Defendant's request to file under seal the unredacted Salesforce communication log.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, Defendant asserts that redactions to the Vehicle Master Information are necessary because the document contains personally identifiable information of the third-party original owner of the subject vehicle. (Doc. No. 24 at 2.) "Courts in this district have routinely granted motions to seal the personally identifiable information of third-party individuals under the compelling reasons standard." *Compeer Fin. ACA v. Graham*, No. 1:25-cv-00049-JLT-SKO, 2025 WL 268437, at *2 (E.D. Cal. Jan. 22, 2025) (collecting cases); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). The court therefore finds that Defendant has shown compelling reasons exist to file the unredacted

1  Vehicle Master Information under seal.

2  In addition, Defendant asserts that redactions to the Salesforce communication log are
3  required because the log contains notations from Defendant's Office of General Counsel and such
4  notations are protected by the attorney-client privilege and work-product doctrine. (Doc. No. 24
5  at 2.) In discovery, Defendant produced the redacted version of the Salesforce communication
6  log, together with a privilege log that invoked these privileges as a basis for not producing the
7  unredacted version of the Salesforce communication log. (*Id.*; Doc. No. 24-1 at ¶ 4.)

8  The attorney-client privilege protects confidential communications between attorneys and
9  clients, which are made for the purpose of giving legal advice. *Upjohn Co. v. United States*, 449
10  U.S. 383, 389 (1981). The attorney-client privilege exists where "(1) [] legal advice of any kind is
11  sought (2) from a professional legal adviser in his capacity as such, (3) the communications
12  relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance
13  permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the
14  protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citing *United
15  States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). "The privilege is narrowly and strictly
16  construed, and the party asserting it bears the burden of proving that it applies." *In re Cal. Bail
17  Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1057 (N.D. Cal. 2025) (citations and internal
18  quotations omitted).

19  The attorney work-product doctrine "protects 'from discovery documents and tangible
20  things prepared by a party or his representative in anticipation of litigation.'" *In re Grand Jury
21  Subpoena (Mark Torf/Torf Env't)*, 357 F.3d 900, 906 (9th Cir. 2004) (quoting *Admiral Ins. Co. v.
22  United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)). The party asserting protection
23  under the attorney work-product doctrine bears the burden of proving that the doctrine applies.
24  *Cal. Sportfishing Protection All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 644 (2014).

25  Here, Defendant does not make any substantive argument as to why the redacted portions
26  of the Salesforce communication log are privileged under the attorney-client privilege or
27  protected under the work product doctrine, other than to assert that the document "contains
28  information subject to the attorney-client privilege and work product protection" as the "redacted

1  portions of the document consist of notations by [Defendant's] Office of General Counsel." (Doc.
2  No. 24 at 2.)

3  While protecting information privileged by the attorney-client privilege or protected as
4  attorney work-product is a compelling reason to file under seal, courts in the Ninth Circuit have
5  denied such requests where the proposed redactions contain material not actually privileged or
6  protected. *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617-LHK, 2018 WL 3067783, at
7  *3 (N.D. Cal. Mar. 16, 2018) (denying in part request to file under seal because although the
8  "attorney-client privilege and the work-product doctrine may be legitimate bases for sealing,
9  Plaintiffs have not narrowly tailored their request to material protected by the attorney-client
10 privilege and the work product doctrine."); *Travelers Prop. Cas. Co. of Am. v. Toll Bros., Inc.*,
11 No. 20-cv-03656-HSG, 2022 WL 214366, at *7 (N.D. Cal. Jan. 25, 2022) ("[T]he Court has
12 reviewed in detail the documents that the parties claim are privileged, and the communications do
13 not meet the compelling reasons standard. . . . The communications are critical to the dispute at
14 issue in this case, but offer little by way of insight into the actual defense strategy in the []
15 action.").

16  Upon review of the unredacted version of the Salesforce communication log, the court
17 finds that the proposed redactions do not encompass information protected by the attorney-client
18 privilege or work-product doctrine. Most redactions are applied to the attorney's name and the
19 dates and times of communication, which are not information protected by the attorney-client
20 privilege or work-product doctrine. *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009,
21 1018 (N.D. Cal. 2022) ("[M]aterial concerning the dates and duration of meetings with attorneys
22 is not attorney-client privileged and is not attorney work product.") (citation omitted); *Garcia v.*
23 *City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) ("[B]ecause the work product doctrine is
24 intended only to guard against the divulging of attorney's strategies and legal impressions, it does
25 not protect facts concerning the creation of work product or facts contained within the work
26 product.") (citation omitted and emphasis removed). Moreover, the minimal redactions applied to
27 actual communications in the Salesforce communication log do not relate to Defendant's request
28 for, or the attorney's provision of, legal advice. Thus, Defendant has not met its burden of

showing that the attorney-client privilege or attorney work-product doctrine applies to the redacted content, and Defendant has failed to show compelling reasons exist to grant its request to file under seal the unredacted version of the Salesforce communication log.

Accordingly,

1. Defendant's request to seal (Doc. No. 24) is GRANTED in part and DENIED in part as follows:

    a. Defendant's request to seal is GRANTED as to the Vehicle Master Information, Exhibit 1A to the declaration of Chris Lewis filed in support of Defendant's motion for summary judgment (Doc. No. 25-4); and

    b. Defendant's request to seal (Doc. No. 24) is DENIED without prejudice as to the Salesforce communication log, Exhibit 2C to the declaration of Martha Weir filed in support of Defendant's motion for summary judgment (Doc. No. 25-11);

2. The unredacted Exhibit 1A to the declaration of Chris Lewis filed in support of Defendant's motion for summary judgment shall be filed under seal, to be accessed only by the court and the parties;

3. Within three (3) days from the date of entry of this order, Defendant shall email a PDF copy of the unredacted version of the Vehicle Master Information to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case;

4. Within fourteen (14) days from the date of entry of this order, Defendant may file a renewed request to file under seal the Salesforce communication log that details the basis for Defendant's assertion of the attorney-client privilege and/or work product doctrine; and

/////
/////
/////
/////

5

5. If Defendant does not timely file a renewed request, Defendant shall file the unredacted Salesforce communication log on the public docket by no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: __**November 7, 2025**__

Dena Coggins
United States District Judge

6